**AMERICANA INDUSTRIES, INC.,**
**Plaintiff, Appellant,**

v.

**WOMETCO de PUERTO RICO, INC., et**
**al., Defendants, Appellees.**

**No. 76–1149.**

United States Court of Appeals,
First Circuit.

Argued Feb. 8, 1977.

Decided June 15, 1977.

Philip E. Roberts, San Juan, P. R., with whom Harry E. Woods and Baker & Woods, Hato Rey, P. R., were on brief, for plaintiff, appellant.

Jay A. Garcia Gregory, with whom Fiddler, Gonzalez & Rodriguez, San Juan, P. R., was on brief, for defendants, appellees.

Before COFFIN, Chief Judge, VAN OOSTERHOUT, Circuit Judge,* CAMPBELL, Circuit Judge.

LEVIN H. CAMPBELL, Circuit Judge.

We hold in this appeal that a complaint filed by a movie exhibitor against a rival exhibitor fails to set forth facts sufficient to state a claim under the antitrust laws.

Appellant Americana Industries, a Puerto Rican corporation, filed its complaint in February of 1975 against Wometco de Puerto Rico, Inc., also a Puerto Rican company, and Wometco Enterprises, Inc., a Delaware corporation with its principal place of business in Miami, Florida. The defendants were alleged to have violated sections 1, 2 and 3 of the Sherman Act, 15 U.S.C. §§ 1, 2 and 3, as well as the antitrust laws of Puerto Rico, P.R.Laws Ann. tit. 10, §§ 258, 259 and 260, and plaintiff sought treble damages under section 4 of the Clayton Act, 15 U.S.C. § 15. Defendants filed an answer admitting some of the complained-of conduct and setting out eight affirmative defenses, including that the complaint failed to state a claim and, in any event, that the alleged illegal behavior was intrastate in nature and the federal antitrust laws could not apply.

Time passed and some pretrial discovery took place, including, on November 11, 1975, the deposition of Walter E. Senior, president of Wometco de Puerto Rico. The deposition appears not to have been filed with

* Of the Eighth Circuit, sitting by designation.

the district court, although it was reproduced in the appendix on appeal. Finally, in January, 1976, the defendants moved to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, and Rule 12(b)(6) for failure to state a claim. Giving its reasons in a memorandum and order, the district court thereupon dismissed, both for lack of subject matter jurisdiction and for plaintiff's failure to state a claim. Costs were taxed against plaintiff Americana which was further ordered to pay Wometco's attorney fees in the amount of $500, the court agreeing with Wometco that the case was frivolous and amounted to impermissible harassment. Americana then took this appeal.

Read most favorably to plaintiff, the complaint alleges the following:

In August 1974, Americana entered into an agreement with Paramount Pictures for the exhibition of the film Godfather Part II at its Ponce I theater in Ponce, Puerto Rico. On and after December 31, 1974, while Americana was showing the movie at an admission price of $4 for adults and $2 for children, Wometco de Puerto Rico, Inc. (Wometco P.R.) advertised in four of its own Ponce movie theaters that Godfather II would be exhibited at its Mall-Twin theater in Mayaguez some 50 miles from Ponce, beginning on March 29, 1975, and that the admission would be $3 for adults and $1.50 for children. Upon information and belief, this advertising was done willfully and with malice aforethought, pursuant to a conspiracy between Wometco P.R. and Wometco Enterprises, with intent and design of injuring and putting Americana out of business, thus lessening competition in the exhibition of films in Ponce, Puerto Rico. Americana claims that the advertising substantially curtailed public attendance at its showings of Godfather II, to the point where the revenue was effectively destroyed, and this forced Americana to lower prices to match those advertised by Wometco P.R. Americana asserts damages in the amount of $1,000,000.

The court held that the action involved was wholly local in character and thus that the federal antitrust laws could not apply. Although the court also discussed the merits of plaintiff's claim and expressed the opinion that the activities complained of encouraged and increased competition rather than lessened it, it laid greatest stress upon its assumed "lack of jurisdiction".

■ We do not agree that if the alleged conduct were illegal it would not have sufficient impact upon interstate commerce to constitute a federal cause of action for violation of the Sherman Act. The business of procuring and exhibiting in Puerto Rico stateside films like Godfather II is plainly interstate commerce, as the court recognized. Were Wometco P.R.'s conduct illegally to put exhibitors like Americana out of business, thus interfering with the leasing and exhibiting of such films, there would be an appreciable adverse effect upon commerce. *See Hospital Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 743, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976); *Goldfarb v. Virginia State Bar*, 421 U.S. 773, 785, 95 S.Ct. 2004, 44 L.Ed.2d 572 (1975); *United States v. Employing Plasterers Ass'n*, 347 U.S. 186, 189, 74 S.Ct. 452, 98 L.Ed. 618 (1954). We hold that the district court erred in dismissing under Fed.R.Civ.P. 12(b)(1).

■ But while subject matter jurisdiction was not lacking, we are unable to discern a Sherman Act claim in the pleaded facts. We therefore affirm the dismissal under Fed.R.Civ.P. 12(b)(6).

The complaint comes closest to alleging predatory price cutting and advertising but we think that something more must be alleged than Wometco's purposeful advertising and showing of Godfather II at an admission price lower than Americana initially charged. The mere cutting of admission prices in the movie industry is not *per se* unlawful. "[F]acts and circumstances must be adduced to show that it was in purpose or effect employed as an instrument of monopoly power." *Schine Chain Theatres, Inc. v. United States*, 334 U.S. 110, 120, 68 S.Ct. 947, 953, 92 L.Ed. 1245 (1948). We do not think that a bare allegation, "on information and belief", of malice

and a specific intent to put the plaintiff out of business can save a complaint that fails to allege facts and circumstances tending to show that the defendant has substantial market power. Moreover, there is no allegation by Americana that Wometco P.R. was, in charging $3 and $1.50 for adults and children respectively, sacrificing a short-run profit by "[p]ersistent pricing below short-run out-of-pocket costs". *See* P. Areeda, Antitrust ¶ 605 (1974). This omission substantially weakens any possible claim of predatory conduct on the part of Wometco P.R. alone or in conspiracy with Wometco Enterprises. There is nothing from which a court could conclude that the complained-of activity was part of a persistent course of action with the purpose of putting Americana out of business, nor are there facts stated to suggest that Wometco's prices were in any way abnormal. That Wometco P.R.'s prices were lower than Americana's and that Americana lost customers and was obliged to lower its prices to meet Wometco's competition, would not, standing alone, reflect persistent, below-cost pricing. These facts reflect no more than the sort of healthy competition which the antitrust laws are designed to foster. For all that appears, Americana's prices for Godfather II were inflated. Wometco was not obliged to follow Americana's prices, nor to hide the fact that it would, in three months time, show the same film in another city for less. Americana's complaint not only alleges facts that are completely consistent with perfectly lawful conduct, but falls short of alleging facts that, by themselves, constitute an antitrust violation. Since we find no federal cause of action, we do not consider whether there exists a pendent cause of action under Puerto Rico's antitrust laws.

We do not, however, think that, on the basis of the insufficient complaint alone, the district court could properly conclude, as it did, that the action was "a frivolous invocation of the Court's judicial process", nor, on the record, that suit was brought "in bad faith, vexatiously, wantonly, or for oppressive reasons". *F. D. Rich Co. v. United States ex rel. Industrial Lumber Co.*, 417 U.S. 116, 129, 94 S.Ct. 2157, 2165, 40 L.Ed.2d 703 (1974). *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258–59, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). Invocation of the bad faith exception to the normal federal rule that attorney's fees may not be recovered requires more than a showing of a weak or legally inadequate case. Doubtless a case can be so frivolous as to reflect impermissible conduct, but we cannot say that the issue is that plain here. We therefore vacate so much of the judgment below as awards the defendants $500 in attorney's fees.

*Affirmed in part and vacated in part.*