**Fernando RODRIGUEZ, Plaintiff, Appellant,**

v.

**SK & F CO., Defendant, Appellee.**

No. 87–1322.

United States Court of Appeals, First Circuit.

Submitted Oct. 7, 1987.
Decided Nov. 10, 1987.

Jesus Hernandez–Sanchez, Santurce, on brief, for appellant.

Gregory T. Usera and McConnell Valdes Kelley Sifre Griggs & Ruiz–Suria, Hato Rey, P.R., on brief, for appellee.

Before BREYER, Circuit Judge, BROWN,* Senior Circuit Judge, and SELYA, Circuit Judge.

PER CURIAM:

This case comes to us on appeal from a dismissal for lack of subject matter jurisdiction. On the face of the complaint, the plaintiff has failed to allege grounds upon which to support either his conclusory allegation of diversity jurisdiction or federal question jurisdiction. Accordingly, we affirm.

■ Fernando Rodriguez was employed by SK & F Company from 1976 to 1984. Rodriguez claims he was discharged because of his refusal to certify that a major cleaning had been performed on a machine which had not been cleaned, a violation of the federal Food, Drug and Cosmetic Act. The complaint fails to allege either the citizenship or the residence of the plaintiff. While the complaint does allege that SK & F is owned by Smith, Klein and Beckman, a multi-national pharmaceutical corporation with its principal place of business in Philadelphia, the complaint does not allege the citizenship of SK & F. On the face of the complaint, therefore, Rodriguez has failed to assert grounds upon which to support his allegation of diversity jurisdiction.

■ On the well grounded assumption that Rodriguez is a Puerto Rican citizen, for purposes of diversity jurisdiction a corporation has dual citizenship, that of the state of its incorporation and that of the state where it has its principal place of business. 28 U.S.C. § 1332(c); *de Walker v. Pueblo International, Inc.*, 569 F.2d 1169 (1st Cir.1978). On the uncontradicted affidavits in the record, SK & F is a citizen of Puerto Rico, with its principal place of business in Puerto Rico. Although SK & F is a subsidiary of a Pennsylvania corporation, SK & F is directed and controlled by officers in Puerto Rico. This court has developed three separate tests for determining a corporation's principal place of business, all of which support Puerto Rican citizenship. *de Walker, supra.*

■ Under the nerve center test, the focus is on the center from which the company is controlled. SK & F operates independently from its parent company in Pennsylvania, and all corporate records, ledgers and accounts are kept in Puerto Rico. Under both the center of corporate activity and locus of operations tests, it is clear from the uncontroverted affidavits that Puerto Rico is the principal place of business of SK & F.

■ Since the federal Food, Drug and Cosmetic Act does not afford a private cause of action, *Fiedler v. Clark*, 714 F.2d 77 (9th Cir.1983); *Pacific Trading Co. v. Wilson & Co., Inc.*, 547 F.2d 367 (7th Cir. 1976); *Orthopedic Equipment Co. v. Eustler*, 276 F.2d 455 (4th Cir.1960), there was no basis for subject matter jurisdiction under the federal Food, Drug and Cosmetic Act, 21 U.S.C. § 301, *et seq.* This is made plain by the recent Supreme Court case of *Merrill Dow Pharmaceuticals v. Larry James Christopher Thompson*, 478 U.S. ——, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). There is no federal question jurisdiction present. Accordingly, the judgment of the lower court was correct on both grounds.

AFFIRMED.

* Of the Fifth Circuit, sitting by designation.