**WALPA CONSTRUCTION CORP., Plaintiff,**

v.

**MOBILE PAINT MANUFACTURING CO., INC., Defendant.**

Civ. No. 87–1361 (JAF).

United States District Court,
D. Puerto Rico.

Oct. 25, 1988.

24

Gerardo Mariani, Woods & Woods, San Juan, P.R., for plaintiff.

Jorge I. Peirats, O'Neill & Borges, San Juan, P.R., for defendant.

## OPINION AND ORDER

FUSTE, District Judge.

This action is brought under unspecified provisions of the Antitrust and Unfair Competition Laws of the United States, Title 15, U.S.Code, as well as under various provisions of the laws of Puerto Rico. Plaintiff Walpa Construction Corp. ("Walpa") asserts that defendant Mobile Paint Manufacturing Co., Inc. ("Mobile") had granted it the exclusive right to distribute Mobile paint products in Puerto Rico and that Mobile, in opening up a competing store, has interfered with this right. Mobile asserts that it made no agreement whatsoever with Walpa and that the latter dealt exclusively with Mobile's wholly-owned subsidiary, Mobile Manufacturing Co. of P.R., Inc. ("Mobile P.R."). Moreover, Mobile claims that the relationship between Walpa and Mobile P.R. consisted simply of an agreement to buy and sell Mobile paint products. Mobile fortifies this and other assertions with exhibits and a sworn affidavit from Louis V. Petit, Vice-President of Mobile P.R.

The procedural history of this case is fairly straightforward. After some initial skirmishes concerning service of process, Walpa and Mobile filed a Joint Discovery Timetable on April 19, 1988. On May 2, 1988, Mobile filed a Motion to Dismiss together with a Memorandum of Law and the aforementioned exhibits and sworn affidavit. Mobile moved to dismiss on the grounds (1) that Walpa's federal claims fail to state a claim upon which relief can be granted, and (2) that there is no diversity jurisdiction over the remaining state law claims. Walpa for its part has never filed an opposition to Mobile's motion to dismiss in spite of the fact that this Court has granted it two time extensions to do so. Instead, Walpa filed a motion seeking leave to conduct discovery[1] in order to establish that Mobile P.R., who has not been joined as a party to this action, is in fact a citizen of Alabama under the "nerve center" theory. This motion made no effort to contest

Mobile's attack on the validity of Walpa's antitrust claims, nor did it controvert the evidence submitted by defendant. Moreover, plaintiff's motion is unsupported by a memorandum of law as required by local rule 311.12. Walpa's motion for an extension is by no means a Fed.R.Civ.P. 56(f) motion.

Because Mobile submitted and this Court accepted matters outside the pleadings in its motion to dismiss, we are compelled by Rule 12(b) of the Federal Rules of Civil Procedure to treat that motion as one for summary judgment. *See, e.g., Arrington v. City of Fairfield, Alabama,* 414 F.2d 687, 692 (5th Cir.1969). As such, and pursuant to *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), we dismiss all of plaintiff's claims. In addition, we find that the antitrust allegations fail to sufficiently state a cause of action and the state law claims are dismissed for lack of diversity jurisdiction.

## I.

### *The Antitrust and Unfair Competition Claims*

Three of plaintiff's five causes of action allege violation of Title 15 of the United States Code, although *none* of these counts indicate the precise section that was supposedly violated. Nor has plaintiff given this Court guidance by way of an opposition to motion to dismiss or an accompanying memorandum of law. Nevertheless, an exploration of the requirements of federal antitrust claims reveals that plaintiff has failed to allege the necessary elements to sustain actions under sections 1, 2 and 13 of Title 15.

### A.

With regard to sections 1 and 2 of the Sherman Act, our discussion is largely redundant of that in *R.W. Intern., Inc. v. Borden Interamerica, Inc.,* 673 F.Supp. 654 (D.P.R.1987), where we reviewed the pleading requirements to sustain an action

---

1. This court had previously issued a stay of discovery pending disposition of Mobile's mo-

tion to dismiss.

under these provisions. There we found that under section 1, contracting or conspiring in restraint of trade, plaintiffs must allege that defendants' actions resulted in damage to competition as a whole in the relevant market, and not just to themselves as a particular competitor. *White v. Hearst Corp.*, 669 F.2d 14, 18 (1st Cir. 1982); *Americana Industries v. Wometco de P.R.*, 556 F.2d 625, 627 (1st Cir.1977); *Havoco of America v. Shell Oil Co.*, 626 F.2d 549, 554–59 (7th Cir.1980). This information may not be developed at trial but must be pleaded originally in the complaint. "[The] absence of a sufficient allegation of anti-competitive effects in a Sherman Act complaint is fatal to the existence of the cause of action." *Havoco*, 626 F.2d at 554. Moreover, Section 1 prohibits only those restraints on trade that flow from a contract, a combination or a conspiracy. A corporation acting alone without concerted efforts with others cannot violate section 1. *See, e.g., Poller v. Columbia Broadcasting Sys. Inc.*, 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). Furthermore, a parent corporation and its wholly-owned subsidiary are incapable, as a matter of law, of conspiring to restrain trade in violation of section 1. *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 104 S.Ct. 2731, 81 L.Ed.2d 628 (1984).

■ The complaint in this case fails to allege any restraint of trade resulting from a contract, combination or conspiracy. Under the principles set forth, Mobile may not be held in violation of section 1 without proof that it acted in conjunction with others. Furthermore, as the uncontested sworn affidavit of Louis V. Petit establishes, Mobile P.R. is a wholly-owned subsidiary of Mobile, and, therefore, they cannot, as a matter of law, conspire among themselves to restrain trade. In addition, plaintiff has failed to allege that Mobile's actions resulted in damage to competition as a whole in the relevant market. Instead, they have merely averred that defendant's actions "resulted in driving plaintiff out of the market and out of business in contravention of the U.S. Antitrust laws." In light of the principles enunciated above, plaintiff's failure to plead anti-competitive effects is fatally defective to its cause of action.

### B.

■ Section 2 of the Sherman Act proscribes monopolization. Monopoly power has been defined as the power to fix or control prices or to exclude or control competition. *U.S. v. E.I. Dupont de Nemours & Co.*, 351 U.S. 377, 76 S.Ct. 994, 100 L.Ed. 1264 (1956). To succeed at trial on a Section 2 claim, plaintiffs must establish an intent to monopolize, as well as a dangerous probability of success in a relevant market. *George R. Whitten Jr., Inc. v. Paddock Pool Bldrs., Inc.*, 508 F.2d 547, 550 (1st Cir.1974), *cert. denied*, 421 U.S. 1004, 95 S.Ct. 2407, 44 L.Ed.2d 673 (1975); *Borden Interamerica, Inc.*, 673 F.Supp. at 657. "A colorable claim, thus, must include evidence of the market power of the defendants and, therefore, must, like Section 1 claims, include facts defining the relevant market." *Id.; see also, Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp.*, 382 U.S. 172, 177, 86 S.Ct. 347, 350, 15 L.Ed.2d 247 (1965).

■ The complaint in this case makes no reference to Mobile's intent to monopolize. It similarly fails to designate the relevant market or Mobile's power over that market. Instead, plaintiff merely avers that defendant, with "manifest and deliberate purpose of, and abusively and oppressively, taking advantage of plaintiff for defendant's own benefit ... illegally commenced to distribute the Mobile Products in Puerto Rico." We agree with the First Circuit that "a bare allegation, 'on information and belief', of malice and a specific intent to put the plaintiffs out of business can[not] save a complaint that fails to allege facts and circumstances tending to show that the defendant has substantial market power." *Americana Industries*, 556 F.2d at 627–28. Plaintiff has, therefore, not made a sufficient allegation under Section 2.

### C.

■ Walpa's second cause of action alleges that Mobile made sales to its "retail

and wholesale customers at prices from a list called 'Preferred Contractor Price List,' substantially under the distributor/dealer prices charged to plaintiff by defendant; and in contravention of the United States Antitrust laws." Due to this allegation, we will examine the pleading to see if it has made out a claim under section 2(a) of the Clayton Act, 15 U.S.C. § 13(a), which proscribes price discrimination.

The elements that must be shown to make out a prima facie case under section 2(a) were summarized in *Interstate Cigar Co. v. Sterling Drug Inc.*, 1980–2 Trade Cas. (CCH) ¶ 63,430 (N.Y.1980) [available on WESTLAW, 1980 WL 1862] Plaintiff must show: (1) two or more contemporaneous sales by the same seller; (2) at different prices; (3) of commodities of similar grade and quality; (4) at least one of the sales was in interstate commerce; (5) price discrimination tended to lessen substantially competition or create a monopoly in any line of commerce; and (6) this price discrimination injured plaintiff.

Plaintiff's complaint fails to allege more than one of these elements. Although plaintiff pleads that Mobile made sales to unspecified retail and wholesale customers at prices lower than those charged to plaintiff, there is no indication in the complaint that these sales were contemporaneous. To the contrary, the complaint indicates that plaintiff's original inventory was purchased sometime in 1985 and that Mobile's store did not even open until May of 1986. Plaintiff similarly makes no allegation that the goods involved in the two "sales" were of similar quality or grade. *See FTC v. Borden Co.*, 383 U.S. 637, 639, 86 S.Ct. 1092, 1095, 16 L.Ed.2d 153 (1966). Moreover, Mobile has submitted with its motion an uncontested exhibit indicating the various types of quantity, volume and advertising discounts it offers to all qualifying customers. Walpa has failed to dispute or claim injury from this scheme by affidavit or other evidence, and it has not produced or requested discovery of the "Preferred Contractor Price List" it alleges in its complaint. In light of such evidence submitted by Mobile, plaintiff must go beyond its pleadings to show that there is a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 106 S.Ct. at 2553.

█ Finally, plaintiff's complaint, read in its most favorable terms, does not sufficiently allege any substantial lessening of competition or the creation of a monopoly. The prohibition of section 2(a) of the Clayton Act is chiefly meant to prevent competitive injury at two levels: (1) between competing favored and disfavored purchasers; and (2) between the seller and its competitors. Plaintiff nowhere alleges the first kind of injury—i.e., that due to Mobile's price discrimination, plaintiff could not compete with Mobile's other customers. Walpa's complaint rather focuses on its inability to compete with Mobile. As such, Walpa is required to prove predatory intent, such as the seller's continuous unprofitable sales below cost or a general erosion of the seller's competitive market. *See generally, Utah Pie v. Continental Baking Co.*, 386 U.S. 685, 87 S.Ct. 1326, 18 L.Ed.2d 406 (1967). As discussed in the above sections, Walpa has sufficiently alleged neither, but rather relies on pleadings "so vague and conclusory that we can discern no facts pleading a claim." *Gilbuilt Homes, Inc. v. Continental Homes, etc.*, 667 F.2d 209 (1st Cir.1981). We, therefore, dismiss any of plaintiff's claims under 15 U.S.C. § 13(a).

## II.

### *The Diversity Issue*

The federal claims having been dismissed, Walpa's remaining state law claims may remain in this forum only if the requisite diversity of citizenship exists. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978); *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966).

█ It is not in dispute that for diversity purposes Walpa is a citizen of Puerto Rico and Mobile is a citizen of Alabama. The question is whether Mobile is the real party in interest. "[A] federal court must disregard nominal or formal parties and

rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Savings Association v. Lee*, 446 U.S. 458, 461, 100 S.Ct. 1779, 1782, 64 L.Ed.2d 425 (1980). Moreover, Walpa cannot claim that Mobile is a real party to the controversy simply because it is Mobile P.R.'s parent corporation. *See Alvarado–Morales v. Digital Equipment Corp.*, 843 F.2d 613 (1st Cir.1988).

Mobile has submitted the sworn affidavit of Louis F. Petit, Vice President of Mobile P.R., to the effect that all of Walpa's dealings in this matter were effectuated not with Mobile of Alabama, but rather with its wholly-owned Puerto Rican subsidiary. Mr. Petit bolsters his statement by attaching a copy of a credit agreement executed September 6, 1985 between Mobile P.R. and Walpa. Walpa has submitted nothing to this court beyond bare allegations that it has had any dealings at all with the defendant parent corporation, in spite of being given two time extensions to do so. Therefore, pursuant to the aforementioned principles, we must dismiss Mobile as a defendant to this suit.[2]

Once Mobile has been dismissed as a party, Walpa's remaining state law claims must be dropped for want of subject matter jurisdiction. This is so because the only other possible defendant, Mobile P.R., is a corporation existing under the laws of Puerto Rico (See Exhibit B of defendant's Motion to Dismiss) and, thus, there is no diversity jurisdiction between it and Walpa.

▮ Walpa attempts to save its complaint by seeking leave to conduct discovery to establish that under the "nerve center" test Mobile P.R.'s principal place of business is outside Puerto Rico. We find that this theory is entirely inapplicable to the facts of this case and, thus, deny plaintiff's request. It is well settled that for purposes of diversity jurisdiction, corporations have dual citizenship, the place of incorporation *and* the principal place of business. 28 U.S.C. § 1332(c); *de Walker v. Pueblo International, Inc.*, 569 F.2d 1169, 1170 (1st Cir.1988). Because Mobile

P.R. is incorporated in Puerto Rico, it is unnecessary to ascertain Mobile P.R.'s principal place of business; its place of incorporation alone defeats diversity jurisdiction. As stated previously, Walpa's intent for extensions for discovery is by no means an example of a valid Fed.R.Civ.P. 56(f) exemption to the duty to oppose a dispositive motion. Here we emphasize that Walpa's obvious motive in requesting the extension and deposition was for the purpose of exploring the nerve-center theory and nothing else.

Plaintiff's state law causes of action must, therefore, be dismissed.

### III.

### *Conclusion*

In sum, we rule as follows:

1. Under Rule 12(b)(6), we treat defendant's motion to dismiss the federal claims as an unopposed motion for summary judgment, and as such this motion is GRANTED.

2. Moreover, we find that plaintiff's federal antitrust and unfair competition allegations failed to state a claim upon which relief can be granted.

3. Plaintiff's remaining state law claims are DISMISSED due to the lack of diversity between the parties.

Judgment will be entered accordingly.

IT IS SO ORDERED.

---

**2.** Because we find that Mobile is not a real party in interest, we need not address defendant's argument that Mobile P.R. is an indispensable party under Fed.R.Civ.P. 19(b).