Gumersindo **MORALES–TIRADO,**
**et al., Plaintiffs,**

v.

**HILTON INTERNATIONAL
COMPANY, Defendant.**

Civ. No. 90–2531 HL.

United States District Court,
D. Puerto Rico.

Jan. 24, 1992.

Raul Santiago–Melendez, Hato Rey, P.R., for plaintiffs.

Carlos Martinez–Texidor, Ponce, P.R., for defendant.

### OPINION AND ORDER

LAFFITTE, District Judge.

Before the Court is defendant's motion to dismiss for lack of diversity jurisdiction. Plaintiffs allege that they suffered bodily injuries and mental anguish as a result of an incident involving a security guard at the Caribe Hilton Hotel, Miramar, Puerto Rico, which is operated by Hilton International of Puerto Rico, Inc. Plaintiffs have named as defendant Hilton International Company ("Hilton International Co."), the New York-based and Delaware-incorporated parent company of Hilton International of Puerto Rico, Inc. ("Hilton International of P.R.")

This Court has held that the real party in interest determines if diversity jurisdiction exists. *Carlos Guidicelli v. Avis Rent A Car System, Inc.*, D.C.O. 90–054, p. 163 (D.P.R. March 30, 1990), citing *Navarro Savings Association v. Lee*, 446 U.S. 458, 461, 100 S.Ct. 1779, 1782, 64 L.Ed.2d 425 (1980); *Walpa Construction Corp. v. Mobile Paint Mfg. Co., Inc.*, 701 F.Supp. 23, 28 (D.P.R.1988). Here, the real party in

interest is Hilton International of P.R., the operator of the Caribe Hilton Hotel where all of plaintiffs' relevant dealings transpired. Although both plaintiffs and defendant have treated Hilton International of P.R. as a party to this action, plaintiffs' original complaint did not name any defendants other than Hilton International Co., nor were any motions to so amend the complaint received by this Court.

■ Plaintiffs cannot claim that Hilton International Co. is a real party to the controversy simply because it is Hilton International of P.R.'s parent company. Parent and subsidiary companies are generally treated as separate entities for diversity jurisdiction purposes, even if the parent exerts a high degree of control through ownership. *Guidicelli*, D.C.O. 90–054 at 165; *U.S.I. Properties Corp. v. M.D. Const. Co., Inc.*, 860 F.2d 1, 7 (1st Cir. 1988), *cert. denied, Compañia de Desarrollo Cooperativo v. U.S.I. Properties Corp.*, 490 U.S. 1065, 109 S.Ct. 2064, 104 L.Ed.2d 629 (1989). *See also Alvarado–Morales v. Digital Equipment Corp.*, 843 F.2d 613 (1st Cir.1988); *Muñiz v. National Can Corp.*, 737 F.2d 145 (1st Cir.1984). In the case of *Maldonado v. Caribe Hilton Hotel, et al.*, No. 89–0033, slip op. (D.P.R. October 17, 1990), this Court, Pérez–Giménez, J., held that for purposes of diversity jurisdiction, Hilton International of P.R. maintains a separate corporate character and does not adopt the citizenship of its parent corporation, Hilton International Co. We are not persuaded that this corporate separation should be eradicated.

■ Here, as in *Guidicelli*, plaintiffs' relevant dealings were with the subsidiary. Consequently, the subsidiary's citizenship is controlling for diversity purposes. *Guidicelli*, D.C.O. 90–054 at 165; *U.S.I. Properties*, 860 F.2d at 7. Hilton International of P.R., although incorporated in Delaware, has its principal place of business in Puerto Rico. *Maldonado*, No. 89–0033 at 1. The First Circuit has developed three separate tests for determining a corporation's principal place of business. The three tests are the "nerve center," the "center of corporate activity," and the "lo-

cus of operations" tests. *Rodriguez v. SK & F Co.*, 833 F.2d 8 (1st Cir.1987); *de Walker v. Pueblo International, Inc.*, 569 F.2d 1169 (1st Cir.1978). The "nerve center" test, which searches for the locus of control and direction of the corporate activities, looks to such factors as the location of the corporate personnel who direct the daily operations of the corporation, the site of the directors' meetings, and the location of the principal bank accounts. *See, Topp v. CompAir Inc.*, 814 F.2d 830, 837 fn. 6 (1st Cir.1987). Hilton International of P.R. maintains all of these in Puerto Rico. The "center of corporate activity" test, which inquires where the corporation's day to day management takes place, and the "locus of the operations" test, which asks where the bulk of the corporation's actual physical operations are located, are satisfied by the hotel's presence and management in Puerto Rico.

■ Hilton International Corp. is not the real party in interest and therefore its citizenship is not controlling for diversity jurisdiction. Moreover, even if Hilton International Co. were a real party in interest, this Court would not have jurisdiction to hear this matter under 28 U.S.C. § 1332. This is because Hilton International of Puerto Rico, an indispensable real party to this action, is a non-diverse party. Consequently, this Court does not have jurisdiction to hear this matter under 28 U.S.C. § 1332.

WHEREFORE, defendant's motion is GRANTED, and this action is DISMISSED for want of jurisdiction.

IT IS SO ORDERED.