Jorge F. COLON MUNTANER, Plaintiff,

v.

**CHART HOUSE ENTERPRISES OF P.R., and John Doe Insurance Company, Defendants.**

**Civ. No. 93–1408 GG.**

United States District Court, D. Puerto Rico.

Nov. 16, 1993.

Gerardo A. Quiros Lopez, San Juan, PR, for plaintiff.

McConnell Valdes Kelly Sifre Griggs & Ruiz–Suria, Nereida Meléndez, San Juan, PR, for defendants.

### OPINION & ORDER

GIERBOLINI, Chief Judge.

Plaintiff filed suit against defendants, alleging that on March 20, 1992, he was assaulted on defendants' premises, sustaining serious injuries for which recompense is demanded. Plaintiff's suit sounds in tort, and jurisdiction in this court is claimed via 28 U.S.C. § 1332(c)(1). (Complaint, ¶ 1). It is alleged that complete diversity of citizenship exists since plaintiff is a Puerto Rico resident and defendant, Chart House Enterprises of Puerto Rico (Charthouse), is not a citizen of Puerto Rico since it is a corporation organized under the laws of the state of Louisiana. (Complaint, ¶ 6).

The Chart House is a well-known establishment for the consumption of food and liquor located in the Condado section of San Juan. Charthouse argues that the instant action must be dismissed because of a lack of subject matter jurisdiction. Since the Charthouse is a Puerto Rican establishment, defendant argues, there is no diversity and therefore this case is one that must be left to the state courts to adjudicate. We agree, and ORDER this case dismissed.

28 U.S.C. § 1332(c)(1) reads in relevant part:

(c) For the purposes of this section and section 1441 of this title—

(1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principle place of business....

Under this formulation, a corporation has dual citizenship. *Rodriguez v. SK & F Co.,* 833 F.2d 8, 9 (1st Cir.1987). Chart House is therefore to be deemed both a citizen of Louisiana and of Puerto Rico.

For diversity jurisdiction to obtain, there must be complete diversity of citizenship. All defendants must be citizens of states different from those states in which plaintiffs are citizens. *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 378, 98 S.Ct. 2396, 2405, 57 L.Ed.2d 274 (1978); *Topp v. CompAir, Inc.,* 814 F.2d 830, 832 (1st Cir. 1987).

■ The locus of incorporation is not determinative of citizenship for purposes of diversity jurisdiction. *de Walker Inc. v. Pueblo Int'l,* 569 F.2d 1169, 1170 (1st Cir.1978).

Plaintiffs oppose the motion to dismiss, and correctly point out that determining where a corporation has its principal place of business can be a difficult question, one involving the weighing of many factors. Plaintiff treats the court to an eight page discourse on the history of diversity jurisdiction, and analyzes a variety of cases from various jurisdictions. He then concludes with two paragraphs that, far from applying the analysis discussed at length in the preceding eight pages, merely concludes summarily that "Defendant Chart House Enterprises of PR, Inc.—a Louisiana corporation—is a subsidiary of a parent and more bigger (sic) corporation, which probably controls the activities of all the other Chart House restaurants around the United States." (Opposition to Motion to Dismiss, 9). Plaintiff further states that he "is of the opinion that there is a strong possibility of the existence of diversity of citizenship." (Id.)

The court is thus presented with a sad but familiar spectacle: a lawyer who seems to believe that the purpose of a legal brief is to discuss the law of other circuits and other districts without ever once applying the correct law to the actual facts of the case. It is

heartening that plaintiff is "of the opinion" that this court has jurisdiction over his claim. However, it would help if he could present facts to convince the court. If federal courts issued their rulings according to the opinions of plaintiffs, our job would be easier. Alas, we are forced to address ourselves to the actual facts of the cases in front of us, not to mention applicable law.

■ As plaintiff himself notes, "the general rule in this situation is that a subsidiary corporation has its own principal place of business for purposes of diversity of jurisdiction, unless it is merely an 'alter ego' or agent of the parent corporation." (Opposition, p. 8). There is no evidence to support any allegation of "alter ego"; on the contrary, the uncontroverted evidence adduced by defendants demonstrates that Chart House of Puerto Rico is controlled and managed locally, and thus its citizenship is Puerto Rican. A subsidiary and its parent corporation are to be considered as separate entities for purposes of diversity jurisdiction. *U.S.I. Properties Corp. v. M.D. Constr. Co.,* 860 F.2d 1, 7 (1st Cir.1988), cert. den. 490 U.S. 1065, 109 S.Ct. 2064, 104 L.Ed.2d 629 (1989).

■ In this circuit, courts are to look at one of three methods of determining corporate citizenship: (1) the nerve center test, which looks for the location from where the activities of the corporation are directed and controlled; (2) the center of corporate activity test, which looks to the locus of the day-to-day management activities; and (3) the corporate operations location test, which looks to where the bulk of the corporations actual physical operations are located. See e.g. *Topp v. Compair,* 814 F.2d at 830; *Morales–Tirado v. Hilton Int'l Co.,* 783 F.Supp. 722, 723 (D.P.R.1992). The first two tests yield substantially identical results in the instant action. Under the third test, it is clear that diversity jurisdiction is lacking, since Chart House of Puerto Rico locates the vast majority, if not the totality, of its physical operations in Puerto Rico. Under the corporate operations and nerve center test, diversity also is lacking.

Plaintiff alleges that all important managerial decisions concerning the tavern were made in Louisiana, although he points to

none. However, this claim, even if true, does not suffice to confer jurisdiction on this court. "The test ... does not search out the home of the economic tsar who ultimately dominates, through other corporations or otherwise, the entity in question. Rather, so long as the entity's corporate form is entitled to credibility, the nerve center test looks for the localized nerve center from which the corporation in issue is directly run." *Topp v. Compair, Inc.,* 814 F.2d at 835. Thus, subsidiaries are usually considered to be separate entities and have distinct citizenships for purposes of diversity jurisdiction even where the parent exercises a great deal of control. *Ortiz Mercado v. Puerto Rico Marine Mgmt., Inc.,* 736 F.Supp. 1207, 1213 (D.P.R. 1990).

■ Clearly, Puerto Rico is the localized nerve center. It would be surprising if it were otherwise. A restaurant is not the type of operation which can be managed from over two thousand miles away. Chart House's managers live and work in Santurce, Puerto Rico, its employees are all locally based, it pays its taxes to Puerto Rico, has its bank account in Puerto Rico, and maintains all of its equipment in Puerto Rico. (Motion to Dismiss, ¶¶ 1–8). The location of these aspects of defendant's business within Puerto Rico necessitates a finding that defendant's citizenship is Puerto Rican. *Rodriguez v. SK & F Co.,* 833 F.2d at 9; *Roman Ramos v. H.B. Fuller Co. Puerto Rico,* 729 F.Supp. 221, 223 (D.P.R.1990). Plaintiff controverts none of this. "Where a corporation is engaged in only one business activity, substantially all of whose operations occur in one state even though policy and administrative decisions are made elsewhere, the state of operation is the corporation's principal place of business for the purpose of diversity of citizenship." *Santana Salgado v. DuPont Pharmaceutical,* 664 F.Supp. 644, 645 (D.P.R.1987).

We therefore dismiss this suit because this court lacks jurisdiction due to the lack of diversity of citizenship between the parties.

**SO ORDERED.**