654 F.2d 685
 Henry CORNWALL, an individual, and Sherwin McMichael, an
individual, Plaintiffs-Appellees,
v.
David R. ROBINSON, an individual, Defendant-Appellant.
John Hadden Publishers, Inc., an Oklahoma corporation; and
Interstate Book Company, a Kansas corporation, Defendants.
 No. 81-1007.
 United States Court of Appeals,
Tenth Circuit.
 July 7, 1981.
 
 James M. Sturdivant and John Henry Rule of Gable, Gotwals, Rubin, Fox, Johnson & Baker, Tulsa, Okl., for defendant-appellant.
 James L. Kincaid, J. David Jorgenson and Keith P. Ellison of Conner, Winters, Ballaine, Barry & McGowen, Tulsa, Okl., for plaintiffs-appellees.
 Before DOYLE, McKAY and LOGAN, Circuit Judges.
 McKAY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir. R. 10(e). The cause is therefore ordered submitted without oral argument.
 
 
 2
 Appellants, defendants below, filed a petition to remove this action to the United States District Court on June 5, 1980. A co-defendant, Interstate Book Company, did not join in the petition for removal and the petition was thus procedurally defective. See Tri-Cities Newspapers, Inc. v. Tri-Cities Pressmen Local 349, 427 F.2d 325 (5th Cir. 1970). Five days after filing the petition for removal the removing defendants filed an application and notice for an order remanding the action to the state court. Plaintiffs concurred in the view that the matter had been improperly removed and also urged the trial court to tax attorney's fees and costs to defendants. Plaintiffs seek to avoid the traditional American rule which disfavors the allowance of attorney's fees by invoking the exception to that rule which sanctions an award of attorney's fees when a party's opponent acts " 'in bad faith, vexatiously, wantonly, or for oppressive reasons.' " Hall v. Cole, 412 U.S. 1, 5, 93 S.Ct. 1943, 1946, 36 L.Ed.2d 702 (1973) (quoting 6 J. Moore, Federal Practice P 54.77(2), p. 1709 (2d ed. 1972)). See also Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 258-59, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141 (1975).
 
 
 3
 The trial court found, with adequate support in the record, that "(t)his case was removed improvidently and frivolously because it was obvious that this Court was fully without removal jurisdiction of this action either on federal question grounds or on diversity grounds." Record, vol. 1, at 146. The court awarded attorney's fees in the amount of $6,000.
 
 
 4
 We have said that a trial court which awards attorney's fees under the "bad faith, vexatious, wanton, or oppressive" exception to the American rule "will be reversed only in circumstances which do not show a reasonable ground for the conclusion that vexatiousness existed." Ryan v. Hatfield, 578 F.2d 275, 277 (10th Cir. 1978). Yet here we do not even have a finding of vexatiousness. Notwithstanding a request by plaintiffs to find bad faith, the trial court found only that "removal of this action was improvident and frivolous." Record, vol. 1, at 147. Although "a case can be so frivolous as to reflect impermissible conduct," Americana Industries, Inc. v. Wometco de Puerto Rico, Inc., 556 F.2d 625, 628 (1st Cir. 1977), the trial court did not indicate that its interpretation of frivolous was to be equated with the intent-laden terminology of "bad faith, vexatious, wanton, or oppressive." In fact, the trial court seemed to be advocating a negligence standard for the award of attorney's fees when it interpreted "frivolous" at the hearing: "I have come to the conclusion that the commencement of this proceeding in this court was frivolous in that if counsel had carefully reviewed the applicable law counsel would have known that this court would not have jurisdiction." Record, vol. 4, at 31.
 
 
 5
 An award of attorney's fees under the bad faith exception to the American rule "is punitive, and the penalty can be imposed 'only in exceptional cases and for dominating reasons of justice.' " United States v. Standard Oil Co., 603 F.2d 100, 103 (9th Cir. 1979) (quoting 6 J. Moore, Federal Practice P 54.77(2) pp. 1709-10 (2d ed. 1972)). Further, we agree that "(i)nvocation of the bad faith exception to the normal federal rule that attorney's fees may not be recovered requires more than a showing of a weak or legally inadequate case." Americana Industries, Inc. v. Wometco de Puerto Rico, Inc., 556 F.2d 625, 628 (1st Cir. 1979). These considerations highlight the narrowness of the exception under which the trial court purported to award attorney's fees in this case. The exception is not invoked by findings of negligence, frivolity, or improvidence. The trial court's award of attorney's fees is reversed.
 
 
 6
 Defendants also challenge the trial court's award of $352 for plaintiffs' costs. We find that 28 U.S.C. § 1447(c) allows an award of "just costs" if "it appears that the case was removed improvidently and without jurisdiction." This statutory standard of "improvidence" is clearly less stringent than the "bad faith" standard that must be met in order for a court to award attorney's fees in cases of this nature. The difference between costs and attorney's fees has been noted by other courts. See Bradley v. School Board of City of Richmond, 416 U.S. 696, 706 n.8, 94 S.Ct. 2006, 2013, 40 L.Ed.2d 476 (1974); Demsey & Associates, Inc. v. S.S. Sea Star, 500 F.2d 409, 411 (2d Cir. 1974). We find the trial court's finding of frivolousness to meet § 1447(c)'s "improvidence" standard and affirm the award of costs.