**Lynne ZOYOIPOULOS, Plaintiff,**

v.

**Angelo PALOMBO & Linda Palombo d/b/a Palombo Farms, Defendants.**

**Civ. A. No. 83-K-2444.**

United States District Court,
D. Colorado.

May 3, 1984.

Charles B. Dickson, Dickson & Dickson, Greeley, Colo., for plaintiff.

Ronald M. Rubin, Pepper & Rubin, P.C., Denver, Colo., for defendants.

## ORDER

KANE, District Judge.

This matter is before me on plaintiff Lynne Zoyoipoulos' motion for costs incurred in responding to defendants' petition for removal. I denied the petition and remanded the case to Adams County District Court on December 20, 1983. For the reasons stated below, I also deny plaintiff's motion.

Plaintiff makes the following statement in paragraph 9 of her motion:

[F]ederal statute provides that when an action is ordered remanded because it was removed improperly and without jurisdiction, the Court may order the payment of just costs and Plaintiff prays that among such costs are Plaintiff's attorneys fees in preparing a dictated Motion for an Order seeking remand of this action.

Motion for Costs at 2. I assume that plaintiff is seeking attorney fees as part of costs pursuant to 28 U.S.C. § 1446(d). That provision requires the defendant to pay all costs incurred by plaintiff in responding to the removal petition, "should it be determined that the case was not removable or was improperly removed." 28 U.S.C. § 1446(d) (1982). I must decide whether the statute authorizes an award of attorney fees as part of those costs.

The Tenth Circuit addressed this issue in *Cornwall v. Robinson*, 654 F.2d 685 (10th Cir.1981). The defendants in *Cornwall* appealed an award by the U.S. District Court for the Northern District of Oklahoma of attorney fees and costs based on a finding that the action had been removed improvidently. The Tenth Circuit reversed the award of attorney fees for failure to establish "bad faith" on the part of defendants in seeking removal of the action. The court reasoned that a mere showing of improvidence or frivolity cannot be equated with the "intent laden terminology of 'bad faith, vexatious, wanton or oppressive.'":

An award of attorney's fees under the bad faith exception to the American rule 'is punitive, and the penalty can be imposed only in exceptional cases and for dominating reasons of justice.' Further, we agree that '[i]nvocation of the bad faith exception to the normal federal rule that attorney's fees may not be recovered requires more than a showing of a

weak or legally inadequate case.' These considerations highlight the narrowness of the exception under which the trial court purported to award attorney's fees in this case. *The exception is not invoked by findings of negligence, frivolity or improvidence.* The trial court's award of attorney's fees is reversed. (emphasis added & citations omitted)

654 F.2d at 687.

Applying the rationale in *Cornwall,* I find no basis for awarding attorney fees to the plaintiff in this case. Plaintiff has indeed demonstrated that the Palombos' asserted no adequate justification for removing the case to this court. She has failed, however, to show the requisite "bad faith" on the part of the Palombos to overcome the general rule that attorney fees may not be awarded in the absence of a statute authorizing such an award. *See Ramos v. Lamm,* 539 F.Supp. 730, 732 & n. 2 (D.Colo.1982) (citing *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975)). Most jurisdictions refuse to award attorney fees for frivolous removal petitions without a showing of bad faith.[1] *See Peltier v. Peltier,* 548 F.2d 1083, 1084–85 (1st Cir.1977) (attorney fees awarded where removal instituted for "oppressive reasons"); *Schmidt v. National Organization for Women,* 562 F.Supp. 210, 215 (N.D.Fla.1983) (attorney fees denied where no showing of bad faith, citing *Cornwall v. Robinson* ); *Brown v. Sharpe Manufacturing Co. v. All Individual Members Etc.,* 535 F.Supp. 167, 172 (D.R.I.1982) (attorney fees not awarded even where removal was improvident, because no bad faith); *Anderson v. State of Nebraska,* 530 F.Supp. 19, 22 (plaintiff was pro se, no bad faith established); *Moore v. Bishop,* 520 F.Supp. 1187, 1188 (D.S.C.1981) (attorney fees denied even though removal was im-

proper); *Pack v. Rich Terminal Co.,* 502 F.Supp. 58, 60 (S.D.Ohio 1980) (attorney fees not recoverable against the removing party because no "extraordinary circumstances").

IT IS THEREFORE ORDERED THAT:

Plaintiff's motion for attorney fees as part of costs is denied for failure to show that the petition for removal was filed in bad faith and because 28 U.S.C. § 1446(d) does not authorize such an award.

---

**1.** The Sixth Circuit does not follow *Cornwall's* bad faith requirement. Attorney fees can be awarded if recovery would be in the "interest of justice": "The Court does not hold defendants' conduct was vexatious or in bad faith. It does hold that under the law of this Circuit ... an award of $574, for attorney fees wrongfully incurred by plaintiff in response to removal without any substantial basis, is in the interest of justice." *Kasprowicz v. Capital Credit Corporation,* 524 F.Supp. 105, 107 (E.D.Mich.1981) (citing *Grinnell Brothers, Inc. v. Touche Ross & Co.,* 655 F.2d 725 (6th Cir.1981)).