**Georgia ARMSTRONG, Plaintiff,**

v.

**GOLDBLATT TOOL
COMPANY, Defendant.**

Civ. A. No. 84–2201.

United States District Court,
D. Kansas.

May 21, 1985.

James M. Sheeley, Kansas City, Kan., for plaintiff.

Ronald C. Newman, Larry G. Chipman, Kansas City, Kan., for defendant.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter comes before the court on plaintiff's motion to remand the case to the District Court of Wyandotte County, Kansas. Said motion is based on plaintiff's assertion that defendant's petition for removal incorrectly alleges diversity of citizenship between the parties. For the reasons stated below, we conclude that remand is appropriate.

This constitutes plaintiff's second motion to remand. In her earlier motion, plaintiff alleged only that defendant is located and does business in Kansas. As we noted in our order of September 10, 1984, however, the mere doing of business is irrelevant to the question of citizenship. Rather, the pertinent jurisdictional statute provides that:

(c) For the purposes of this section and section 1441 of this title [concerning removal], a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.

28 U.S.C. § 1332(c). Plaintiff's current motion is premised on the application of this correct legal standard.

The parties do not dispute that plaintiff is a citizen of Kansas, or that defendant is incorporated in the state of Delaware. The dispute arises over defendant's principal place of business. Plaintiff asserts that defendant's principal place of business is in Kansas, while defendant claims that Illinois is the state of its principal place of business.

The material facts are as follows. In a sworn document filed with the Kansas Secretary of State, defendant stated that it manufactures and distributes masonry tools and equipment and that its only "place or places of business (both within and without the state of Kansas)" is at 511 Osage, Kansas City, Kansas 66110. The document further indicates that defendant owns no property outside the state of Kansas, and that 100% of defendant's payroll and gross sales are attributable to Kansas. At his deposition, defendant's corporate controller testified that defendant is a subsidiary of AXIA, Incorporated. Deposition of Robert Shields at 5. Mr. Shields' deposition statement that defendant has no corporate identity separate from AXIA is clearly contradicted both by his earlier statement that defendant is a *subsidiary* of AXIA, and by an April 12, 1985, certification by the Kansas Secretary of State that defendant is a "regularly and properly organized corporation under the laws of the State of Delaware." While it is unclear where AXIA is incorporated, defendant alleges that AXIA's principal place of business is in Illinois. Defendant further alleges that only its day-to-day manufacturing functions are performed in Kansas, while its tax returns, internal accounting, and insurance programs are handled by AXIA in Illinois.

▮ The party seeking to invoke federal jurisdiction has the duty to establish that such jurisdiction is proper. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909

(10th Cir.1974). Since the courts of the United States are courts of limited jurisdiction, there is a presumption *against* federal jurisdiction. *Id.* In this case, then, defendant bears the burden of showing why remand should not be ordered. Because a court lacking jurisdiction "must dismiss the cause *at any stage* of the proceedings in which it becomes apparent that jurisdiction is lacking," *id.* (emphasis in original), our September 10, 1984, order denying plaintiff's first motion for remand does not bar this second motion.

▇ Where, as here, a corporate party is a subsidiary of another corporation, an additional complication arises. May a subsidiary corporation have a principal place of business other than that of its parent corporation? The answer is clearly yes. According to a leading treatise:

> The general rule in this situation is that a subsidiary corporation has its own principal place of business for purposes of diversity jurisdiction, unless it is merely an "alter ego" or agent of the parent corporation.

Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3625. If defendant is a mere "alter ego" of its parent corporation (AXIA) then its principal place of business would be AXIA's principal place of business (Illinois). As noted above, however, defendant bears the burden of proving that it is AXIA's "alter ego." This burden it has failed to meet. We must therefore conduct an independent inquiry into defendant's principal place of business.

In the period immediately after enactment of the present 28 U.S.C. § 1332(c), the courts developed two separate tests for locating a corporation's principal place of business. In *Scot Typewriter Co. v. Underwood Corp.*, 170 F.Supp. 862 (S.D.N.Y. 1959), the court focused on the corporation's "nerve center" (*i.e.*, the place from which the corporation's activities were directed and controlled). The major competing rule was stated in *Kelly v. United States Steel Corp.*, 284 F.2d 850 (3d Cir. 1960). The *Kelly* court focused on a corpo-

ration's "center of activities" (*i.e.*, operation of the corporation's principal line of business). The facts as developed thus far indicate quite clearly that defendant's "nerve center" was in Illinois, while its "center of activities" was in Kansas. Relying on the *Scot* "nerve center" test, defendant asserts that its principal place of business is in Illinois.

As Professor Wright has stated, however:

> So long as the present statutory test is to be employed, reliance on the location of the home office simply on the ground that it is the "nerve center" gives too much weight to "a pleasant and alluring figure of speech." [citing *Kelly*, 284 F.2d at 853.]
>
> The courts have increasingly come to recognize that the earlier cases can be reconciled in the light of their particular facts, and that a single rule can be applied. This looks to the place where the bulk of the corporate activity takes place, if there is any one state in which this is true, while resorting to the location of the home office only if the corporation's activities are dispersed among several states and no one state clearly predominates.

C. Wright, *The Law of Federal Courts* § 27 (4th ed. 1983). *See also United Nuclear Corp. v. Moki Oil & Rare Metals Co.*, 364 F.2d 568, 570 (10th Cir.1966) (applying "nerve center" test to a corporation that carried on its business in a number of states).

▇ This case presents the situation directly opposite of that in *United Nuclear Corp.* That is, nearly all the manufacturing activities of this defendant are located in the state of Kansas. It follows that we need not rely on the "nerve center" test. Rather, we may follow our prior holding in *Fellers v. Atchison, Topeka and Santa Fe Railway Co.*, 330 F.Supp. 1334, 1338 (D.Kan.1971), that:

> between a state where a corporation's executive offices are located and a state where the bulk of the assets and where management of day-to-day affairs are lo-

cated, the latter state is the principal place of business for diversity of citizenship purposes.

Since defendant's manufacturing activities are located entirely in the state of Kansas, its principal place of business is also in Kansas. As noted above, plaintiff is a Kansan as well. Diversity of citizenship is therefore lacking, and plaintiff's motion to remand the case to state court must be granted.

■■■■ Plaintiff also seeks to recover her costs and attorney's fees incurred as a result of defendant's improper removal of this action. Because this action was removed "improvidently and without jurisdiction," defendant will be ordered to pay plaintiff's costs incurred in obtaining this remand order. 28 U.S.C. § 1447(c); *Cornwall v. Robinson*, 654 F.2d 685, 687 (10th Cir.1981). Plaintiff's request for an award of attorney's fees, however, will be denied. We fail to discern any "bad faith, vexatious, wanton, or oppressive" conduct on the part of defendant that would entitle plaintiff to recover such fees. *See Cornwall*, 654 F.2d at 687.

IT IS THEREFORE ORDERED that plaintiff's motion to remand is granted. This case is hereby remanded to the District Court of Wyandotte County, Kansas.

IT IS FURTHER ORDERED that plaintiff's request for recovery of her costs and attorney's fees in obtaining this remand order is granted as to her costs and denied as to her attorney's fees.