Anne P. **HENRY**, Plaintiff,

v.

**OFFICE OF THRIFT SUPERVISION,**
**Defendant.**

Civ. A. No. 92–4272–DES.

United States District Court,
D. Kansas.

Nov. 4, 1993.

Douglas P. McLeod, Michael Thompson, Brian C. Fries, Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, MO, for Anne P. Henry.

Aaron B. Kahn, Teresa A. Scott, Francisca M. Recio, Office of Thrift Supervision, Washington, DC, Scott W. Liggett, Office of Thrift Supervision, Shawnee Mission, KS, for Office of Thrift Supervision.

Daniel C. Jordan, Shannon L. Spangler, Shook, Hardy & Bacon, Kansas City, MO, for Peter Strand, Mark Hargrave.

### MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on defendant Office of Thrift Supervision's ("OTS") motion to dismiss (Doc. 14). OTS makes the following two arguments in support: (1) the court lacks subject matter jurisdiction; and (2) plaintiff has failed to state a claim for which relief can be granted.

For the reasons set forth in this order, the court grants OTS's motion to dismiss (Doc. 14). Because subject matter jurisdiction is lacking, the court does not address OTS's second argument.

### Discussion

As an initial matter, the court notes that the party invoking federal jurisdiction

**584**

has the burden to establish that such jurisdiction is proper. *Armstrong v. Goldblatt Tool Co.*, 609 F.Supp. 736, 737 (D.Kan.1985). Additionally, courts apply a presumption against federal jurisdiction. *Id.* at 738.

■ Plaintiff asks the court to rescind the following two "stipulation and consent" agreements she made with OTS: (1) the Stipulation and Consent to Issuance of Order of Civil Money Penalty Assessment; and (2) the Stipulation and Consent to Issuance of an Order to Cease and Desist for Restitution and other Affirmative Relief. These two "stipulation and consent" agreements provide the basis for two OTS consent orders.

In its motion to dismiss, OTS argues that 12 U.S.C. § 1818(i)(1) precludes the court from exercising jurisdiction over this case. In pertinent part, § 1818(i)(1) states as follows:

> except as otherwise provided in this section no court shall have jurisdiction to affect by injunction or otherwise the issuance or enforcement of any notice or order under [this] section, or to review, modify, suspend, terminate, or set aside any such notice or order.

Plaintiff responds that 12 U.S.C. § 1818(i)(1) is inapplicable because she does not attack the consent orders, but instead seeks only to rescind the "stipulation and consent" agreements underlying the consent orders. However, plaintiff's argument does not acknowledge that rescission of the "stipulation and consent" agreements supporting the consent orders must "affect" the orders themselves. By rescinding the "stipulation and consent" agreements, the court would remove the justification for those orders. Rescinding the agreements would be tantamount to setting aside the consent orders.

Although plaintiff does not attack the two consent orders directly, she does ask the court for relief that necessarily affects the enforcement of those two orders. By asking the court to rescind the "stipulation and consent" agreements, plaintiff asks the court to remove the foundation upon which both consent orders stand. Indeed, plaintiff's purpose in attacking the "stipulation and consent" agreements is to free herself from the terms of the consent orders. Essentially, plaintiff asks the court to take action that will dissolve the consent orders, thereby making impossible their enforcement. It is difficult to conceive how rescinding the "stipulation and consent" agreements could be said not to affect the enforcement of the orders. Indeed, given that "[j]urisdictional statutes are to be construed 'with precision and with fidelity to the terms by which Congress has expressed its wishes,'" *Palmore v. United States*, 411 U.S. 389, 396, 93 S.Ct. 1670, 1675, 36 L.Ed.2d 342 (1972), the court is unable to see how rescinding the "stipulation and consent" agreements fairly can be said not to "affect" the enforcement of the consent orders.

Section 1818(i)(1) states a broad limitation on federal court jurisdiction. It states that unless otherwise provided in § 1818, no federal court has the power to affect the enforcement of any order under § 1818. Indeed, through § 1818(i)(1), "Congress has plainly and unequivocally divested the district courts of jurisdiction over any dispute arising from agency action initiated under 12 U.S.C. § 1818, subject only to certain exceptions delineated by the statute." *First National Bank of Scotia v. United States*, 530 F.Supp. 162, 167 (D.D.C.1982). Plaintiff points the court to no provision in § 1818 which would enable the court to exercise jurisdiction notwithstanding § 1818(i)(1)'s blanket prohibition.

■ Federal courts are courts of limited rather than general jurisdiction. *Insurance Corp. of Ireland, Ltd. v. Compaigne des Bauxites de Guinee*, 456 U.S. 694, 701, 102 S.Ct. 2099, 2103, 72 L.Ed.2d 492 (1982). Federal district courts derive their jurisdiction from Congress' exercise of its Article III, § 1 power to "ordain and establish" inferior courts. *Lockerty v. Phillips*, 319 U.S. 182, 187, 63 S.Ct. 1019, 1022, 87 L.Ed. 1339 (1943); *Abercrombie v. Office of Comptroller of Currency*, 833 F.2d 672, 674 (7th Cir.1987). As the Supreme court has explained, "[t]he Congressional power to ordain and establish inferior courts includes the power of 'investing them with jurisdiction either limited, concurrent, or exclusive, and of withholding jurisdiction from them in the exact degrees and

character which to Congress may seem proper for the public good.'" *Id.*

In § 1818(i)(1), Congress, through "plain, preclusive language," explicitly withheld jurisdiction from the federal district courts. Indeed, Congress wrote that "except as otherwise provided in this section *no court* shall have jurisdiction to affect by injunction or otherwise the issuance or enforcement of any notice or order under this section, or to review, modify, suspend, terminate, or set aside any such notice or order." 12 U.S.C. § 1818(i)(1). (Emphasis added). Congress recognized several specific exceptions where district courts can exercise jurisdiction. *See, e.g., First National Bank of Chicago v. Steinbrink*, 812 F.Supp. 849, 851 (N.D.Ill. 1993). Plaintiff does not argue that any of the specific exceptions apply here, nor can the court find a specific statutory exception applicable to the instant case.

■ A court must neither evade nor disregard limitations on its subject matter jurisdiction. Indeed, a court must " 'scrupulously confine [its] own jurisdiction to the precise limits which [a federal] statute has defined.'" *Victory Carriers, Inc. v. Law*, 404 U.S. 202, 212, 92 S.Ct. 418, 425, 30 L.Ed.2d 383 (1971) (quoting *Healy v. Ratta*, 292 U.S. 263, 270, 54 S.Ct. 700, 703, 78 L.Ed. 1248 (1934)). Through "plain, preclusive language," § 1818(i)(1) withholds jurisdiction from the district courts in all but a few specific situations. The instant case does not present one of these specific situations. The relief sought by plaintiff places this case within the scope of § 1818(i)(1)'s preclusionary language. If the court rescinds the two "stipulation and consent" agreements, it necessarily affects the enforcement of the two orders which the agreements support. Rescinding the agreements underlying the consent orders is the functional equivalent to setting aside the orders themselves. Therefore, the court cannot exercise jurisdiction over this case consistently with the "plain, preclusive language" of § 1818(i)(1).

The court acknowledges that plaintiff faces a potentially harsh result. However, the court is constrained by the unyielding language of § 1818(i)(1). It is not for this court to balance anew the competing interests addressed by Congress. Through § 1818(i)(1)'s sweeping language, Congress withheld jurisdiction. The court is not free to fashion its own exception to the "plain, preclusive language" of this statute.

### Conclusion

**IT IS BY THE COURT THEREFORE ORDERED** that OTS's motion to dismiss (Doc. 14) is granted.