**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 16 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

FARMLAND NATIONAL BEEF
PACKING COMPANY, L.P.,

Plaintiff-Appellee,

v.

STONE CONTAINER
CORPORATION; JEFFERSON
SMURFIT CORPORATION;
SMURFIT-STONE CONTAINER
CORPORATION; INTERNATIONAL
PAPER COMPANY; GEORGIA
PACIFIC CORPORATION;
WEYERHAEUSER PAPER
COMPANY; TEMPLE-INLAND
INC.; GAYLORD CONTAINER
CORPORATION; UNION CAMP
CORPORATION; TENNECO INC.;
TENNECO PACKAGING
CORPORATION OF AMERICA;
PACKAGING CORPORATION OF
AMERICA,

Defendants-Appellants.

No. 04-3028
(D.C. No. 03-CV-1312-JTM)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before, **KELLY**, **HENRY**, and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff-appellee originally filed this antitrust suit against the twelve defendant companies in state court. Defendants-appellants removed the case to federal court, see generally 28 U.S.C. § 1446, but appellee believed that the notice of removal was defective. Appellee filed a motion to remand, but outside the thirty-day window allowed by § 1447(c). Appellee argued that the district court lacked subject matter jurisdiction because there was no complete diversity of citizenship, and that the notice of removal was procedurally defective because, though signed by counsel, two company names were left off the signature block. Appellants responded to appellee's motion, and also filed a motion to correct their clerical error in the notice of removal–but outside the thirty-day window allowed for removal by § 1446(b). The district court strictly construed the defect against appellants and remanded the case to state court for appellants' failure to file their unambiguous unanimous consent to removal within thirty days after service of the

2

initial pleading.  See Pet. for Writ of Mandamus, Tab F; § 1446(b).  The district court did not expressly rule on appellants' motion to correct.  See Pet. for Writ of Mandamus, Tab F.

Appellants now seek to overturn the district court's order so that the case can proceed in federal court.  We granted their motion to expedite their appeal, and appellee has responded.  Appellee's motion to dismiss also remains to be decided.

As we noted in our prior order, the initial question in any challenge to an order remanding a removed case is whether the remand order is reviewable at all. SBKC Serv. Corp. v. 1111 Prospect Partners, L.P., 105 F.3d 578, 580 (10th Cir. 1997).  28 U.S.C. § 1447(d) states that a remand order "is not reviewable on appeal or otherwise," except that a remand authorized by 28 U.S.C. § 1443 is reviewable.  The exception under § 1443 is not applicable here, so it appears at first blush that review of the district court's remand order is barred.  However, "the application of § 1447(d) is not as broad as its language suggests.  Appellate review is barred by § 1447(d) only when the district court remands on grounds permitted by § 1447(c)."  Dalrymple v. Grand River Dam Auth., 145 F.3d 1180,

1184 (10th Cir. 1998) (citing Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 127-28 (1995) and Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336, 345-46 (1976), overruled on other grounds, Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 714-15 (1996)).

The district court did not mention § 1447(c) in its order. See Pet. for Writ of Mandamus, Tab F. But this court held in Dalrymple that the mere omission of a citation to § 1447(c) is not sufficient to allow review by this court, just as the mere citation to § 1447(c) is not sufficient to bar review by this court. Dalrymple, 145 F.3d at 1184. Rather, "[i]n order to evaluate the reviewability of the district court's remand order[], [this court] must independently review the record to determine the actual grounds upon which the district court believed it was empowered to remand." Id.

In this case, the district court relied on two legal points: first, that § 1446(b) provides that the notice of removal must be filed within thirty days after the defendants received the initial pleading, and, second, that all of the defendants must give their consent to removal within the thirty-day window. Pet. for Writ of Mandamus, Tab F at 1-3. Relying on the fact that two defendant company names were missing from the signature block on the notice of removal (even though those two defendants were specifically identified in the first paragraph of the notice of removal, and their citizenship specifically pleaded), the

4

court concluded that it was ambiguous whether the two companies consented to removal and construed the ambiguity against removal. The court found it unnecessary to consider appellee's other arguments.

Appellants maintain that the district court's order of remand is subject to review in this court and should be reversed. They argue that: (1) the absence of two defendant company names from the signature block is not a defect that can justify a remand under § 1447(c); and (2) even if it is, appellee's motion to remand was untimely to raise any procedural defects in the notice of removal. Appellants' second argument necessarily implicates a third question they did not raise: (3) whether the district court was authorized to remand based on the alleged procedural defect outside the thirty-day window provided in § 1447(c) even if appellee's motion to remand was untimely. Appellee argues that the appeal should be dismissed because: (1) appellants' notice of removal was procedurally defective; and (2) its motion to remand was timely or, even if it was not, appellants waived any objection to its untimely motion to remand by not raising that objection in the district court. Appellee also asserts in passing that the district court could have remanded for lack of subject matter jurisdiction due to lack of complete diversity of citizenship. We need not address this last assertion because it is unsupported by any argument or authorities, and belied by

the facts asserted in appellants' notice of removal. See Phillips v. Calhoun, 956 F.2d 949, 953-54 (10th Cir. 1992).

Upon consideration, appellee's motion to dismiss is denied. Under the circumstances of this case, our authority to review the district court's remand order is intertwined with the result of our review. Appellee's motion to remand was untimely to raise any procedural defects under 28 U.S.C. § 1447(c), and the district court therefore was not authorized under § 1447(c) to remand based on the procedural defect of lack of unanimous consent to removal. As a result, we have jurisdiction to review the remand order and, for the same reason, we reverse the district court and direct it to vacate its remand order.

Analysis

This court has held that for a paper to fall within the removal statutes, it must be unambiguous. Cf. Akin v. Ashland Chem. Co., 156 F.3d 1030, 1035-36 (10th Cir. 1998) (holding that ambiguous initial pleading was not "unequivocal notice of the right to remove" and did not trigger time for defendants to file notice of removal under § 1446(b)). It is not necessary for us to decide whether the omission of the name of a defendant on a signature block in these circumstances renders the notice ambiguous, let alone constitutes a procedural defect, because appellants' second argument has merit–the untimely filing of

appellees' motion to remand left the district court without authority under § 1447(c) to remand based on that ostensible procedural defect.[1]

Our examination of the timing of appellee's motion to remand begins with the overriding principle that because federal removal jurisdiction is statutory in nature, it is strictly construed. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941). "[A]ll doubts are to be resolved against removal." Fajen v. Found. Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982). It is true that all of the defendants must consent to removal. Wisc. Dep't of Corr. v. Schacht, 524 U.S. 381, 393 (1998) (Kennedy, J., concurring); Cornwall v. Robinson, 654 F.2d 685, 686 (10th Cir. 1981); §§ 1441(a), 1446(a). But the lack of unanimous consent is a procedural defect, not a jurisdictional defect. SBKC Serv. Corp., 105 F.3d at 580; Sheet Metal Workers Int'l Ass'n v. Seay, 693 F.2d 1000, 1005 n.8 (10th Cir. 1982). Under § 1447(c), "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."

---

[1] Appellee argues that appellants waived their objection to its untimely motion to remand by not raising the objection in the district court. We exercise our discretion to consider appellants' challenge to the timeliness of appellee's motion to remand, even though appellants did not raise this argument in the district court. See Singleton v. Wulff, 428 U.S. 106, 120-21 (1976). The issue is one of law, not of fact; the record is adequate for our review; and the resolution of the question is not in doubt.

Section 1446(a) states that "defendants desiring to remove any civil action . . . shall file in the district court of the United States . . . a notice of removal."

Appellee argues that the thirty-day period for its motion to remand started to run when a copy of the notice of removal was filed in the state court. See § 1446(d). But that argument contravenes the plain language of § 1447(c). The time began to run when appellants filed their notice of removal in the district court. Therefore, appellee's motion to remand was untimely. Appellants' notice of removal was docketed in federal court on Friday, August 29, 2003, and appellee filed its motion to remand on Tuesday, September 30. It was due on Monday, September 29 (because the thirtieth day fell on Sunday). Because appellee's motion to remand was not filed within thirty days after the notice of removal was filed in the district court, the district court lacked discretion under § 1447(c) to remand based on a procedural defect. See Loftis v. United Parcel Serv., Inc., 342 F.3d 509, 516-17 (6th Cir. 2003); In re Bethesda Mem. Hosp., Inc., 123 F.3d 1407, 1410 (11th Cir. 1997); Hamilton v. Aetna Life & Cas. Co., 5 F.3d 642, 643-44 (2d Cir. 1993) (per curiam); In re Shell Oil Co., 932 F.2d 1523, 1528-29 (5th Cir. 1991). All of the circuit courts to have addressed the question have held that the thirty-day period binds the district court as well as the party opposing removal. See Loftis, 342 F.3d at 516-17; Bethesda Mem. Hosp., 123 F.3d at 1410; In re Continental Cas. Co., 29 F.3d 292, 294-95 (7th Cir. 1994);

Hamilton, 5 F.3d at 643-44; Maniar v. FDIC, 979 F.2d 782, 784-85 (9th Cir. 1992); FDIC v. Loyd, 955 F.2d 316, 322 (5th Cir. 1992); Air-Shields, Inc. v. Fullam, 891 F.2d 63, 65 (3d Cir. 1989).  As a result, even if the missing company names on the notice of removal originally put unanimous consent to removal in doubt, the basis of the district court's remand in this case is a procedural defect and the defect was untimely raised.  Therefore, the district court's action was not authorized by § 1447(c), review in this court is not barred by § 1447(d), and the district court's remand order must be vacated.  We need not decide whether the district court should have acknowledged appellants' motion to correct their notice of removal.

Appellee's motion to dismiss is DENIED.  The district court's remand order is REVERSED and the district court is directed to vacate it.

ENTERED FOR THE COURT
PER CURIAM