**Connie BACHMAN, Individually, and as Personal Representative on behalf of the Legal Heirs of Robert Ryland Bachman, Deceased, Plaintiff,**

v.

**FRED MEYER STORES, INC., Bullough Abatement, Inc., Mountain States Insulation Supply Co. Inc., Thermal West Industrial, Inc., Defendant.**

No. 2:05 CV 276 JTG.

United States District Court,
D. Utah,
Central Division.

Oct. 6, 2005.

Robert G. Gilchrist, Eisenberg Gilchrist & Morton, Christopher Ryan Christensen, Steven B. Millard, Brayton Purcell & Geagan, Salt Lake City, UT, for Plaintiff.

Taylor Florence, Bullivant Houser Bailey PC, Gold River, CA, J. Angus Edwards, Jones Waldo Holbrook & Mcdonough, Shawn McGarry, David M. Bernstein, Kipp & Christian, Allan L. Larson, Julianne P. Blanch, Ryan B. Bell, Snow Christensen & Martineau, Salt Lake City, UT, for Defendants.

## MEMORANDUM DECISION AND ORDER

J. THOMAS GREENE, District Judge.

This matter comes before the Court on Plaintiff's Motion for Remand to State Court and Request for Costs and Fees. Parties have submitted memoranda, supplemental memoranda, and oral argument was heard. The parties have submitted the matter for decision and the motion was taken under advisement.

The Court has reviewed the entire record, and after due consideration plaintiff's Motion to Remand is DENIED, and Request for Costs and Fees is DENIED.

### PROCEDURAL BACKGROUND

On March 30, 2005, defendant Thermal West Industrial, Inc. ("Thermal West"), filed a Notice of Removal from State Court to Federal Court. On April 19, 2005, defendant Fred Meyer Stores, Inc. ("Fred Meyer"), filed a Joinder in Notice of Removal. On April 22, 2005, Thermal West filed an Amended Notice of Removal with attached consent to join in removal, executed by defendant Fred Meyer, and defendant Bullough Abatement, Inc. ("Bullough Abatement"). Defendant Mountain States Insulation Supply Co., Inc. ("Mountain States"), did not join in the removal.

On May 4, 2005, plaintiff filed her Motion to Remand to State Court and Request for Costs and Fees. Plaintiff argues

that defendants' removal was defective because it was not properly joined or consented to by all defendants, and that defendants did not make a sufficient claim of federal question jurisdiction.

On June 22, 2005, the Court heard oral argument on the Motion to Remand. After completion of oral argument, the parties requested that they be permitted to file supplemental materials, including a brief by defendants regarding their support of federal enclave jurisdiction as the jurisdictional basis for removal, and a brief by plaintiff regarding the timeliness of her Motion to Remand. The supplemental materials and briefs have now been filed, and the parties have submitted the matter for decision.

## ANALYSIS

*I. Removal was defective due to untimely consent of defendants; however, plaintiff's Motion to Remand was also untimely which prohibits this Court from remanding the case based on the procedural defect.*

*a. Notice of Removal to Federal Court*

The procedure for removal is governed under 28 U.S.C. § 1446 which states in part:

> [N]otice of removal of a civil action or proceeding shall be filed *within thirty days* after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant ... whichever period is shorter.

28 U.S.C. § 1446(b).

**i. Necessity of Unanimity of All Defendants in Removal to Federal Court in Multi–Defendant Cases**

■ One of the judges of the U.S. District Court for the District of Utah has stated that, "*all* defendants in a multidefendant case must join in the petition for removal" and "each party must independently and unambiguously file notice of their consent and intent to join in the removal within the thirty day period allowed." *Jarvis v. FHP of Utah, Inc.,* 874 F.Supp. 1253, 1254 (D.Utah 1995), Judge David Sam (citations omitted). The Tenth Circuit has also stated that "all of the defendants must consent to removal." *Farmland Nat'l Beef Packing Co., v. Stone Container Corp.,* 98 Fed.Appx. 752, 756 (10th Cir.2004) (unpublished opinion) (*citing Wis. Dep't of Corr. v. Schacht,* 524 U.S. 381, 393, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998); *Cornwall v. Robinson,* 654 F.2d 685, 686 (10th Cir.1981)). The *Farmland* court went on to state that "lack of unanimous consent is a procedural defect, not a jurisdictional defect." *Farmland Nat'l Beef Packing Co.,* 98 Fed.Appx. at 756 (citation omitted). The Sixth Circuit court has similarly ruled: "[t]he rule of unanimity requires that in order for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the action must either join in removal, or file a written consent to the removal." *Harper v. AutoAlliance Int'l, Inc.,* 392 F.3d 195, 201 (6th Cir.2004) (*citing Brierly v. Alusuisse Flexible Packaging, Inc.,* 184 F.3d 527, 533 n. 3 (6th Cir.1999)). Moreover, a notice of removal must be unanimously joined by every defendant or removal will fail. *See Henderson v. Holmes,* 920 F.Supp. 1184, 1186 (D.Kan.1996). The judge of the Kansas District Court also said, "[t]he removing party has the burden to show that removal was properly accomplished." *Henderson,* 920 F.Supp. at 1186. (citing *Christian v. College Boulevard Nat'l Bank,* 795 F.Supp. 370, 371 (D.Kan.1992)). This Court rules that all defendants must

join or sign a consent to removal within thirty days after the first defendant was served, or the removal is defective.

### ii. Time Limit of 30 Days is Procedural Rather than Jurisdictional

The thirty-day time limitation set forth in 28 U.S.C. § 1446(b) is not a jurisdictional requirement, "but it is a procedural requirement that is strictly enforced." *McShares, Inc. v. Barry,* 979 F.Supp. 1338, 1343 (D.Kan.1997). The Tenth Circuit has stated, that "federal removal jurisdiction is statutory in nature, it is strictly construed ... all doubts are to be resolved against removal." *Farmland Nat'l Beef Packing Co.,* 98 Fed.Appx. at 755–56 (*citing Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)); and *Fajen v. Found. Reserve Ins. Co.,* 683 F.2d 331, 333 (10th Cir.(1982)). This Court agrees.

### iii. Timeliness of Removal in Multi-Defendant Cases

■ The Tenth Circuit has not directly ruled as to whether it follows the majority or minority rule in multi-defendant cases. In other jurisdictions concerning multi-defendant cases, a split of authority exists. The majority rule is that "the thirty-day period commences when service is obtained on the first-served defendant." *Henderson,* 920 F.Supp. at 1187 n. 3 (citations omitted). This rule gives defendants a small window of time from the date the first defendant was served until thirty days later for all defendants to join or consent to the removal. If all defendants have not joined or filed consent to remove within the thirty day time period, removal will not be allowed.

The minority rule was followed in *Orlick v. J.D. Carton & Son, Inc.,* 144 F.Supp.2d 337, 342 (D.N.J.2001). This is known as the "later-served defendant" rule, in which "each defendant to an action is entitled to thirty days after service, to remove an otherwise removable action and ... all defendants can consent to that removal, even if their own thirty day periods have expired." This minority rule has been followed in the Fourth and Sixth Circuits, the reasoning behind this is that those courts found that "later served defendants will either have to forego removal or join hurriedly in a petition for removal and face possible Rule 11 sanctions" if forced to follow the first-served defendants rule. *Id.* at 343.

This Court is inclined to follow the majority rule, but there is no necessity to do so in this case because removal would not be timely under either the majority rule or the minority rule.

In the case at bar, Thermal West was the first-served defendant on March 4, 2005. Thermal West filed its Notice of Removal on March 30, 2005. This was within the thirty-day time period. However, Fred Meyer was served on March 7, 2005, and did not join in the removal until April 19, 2005 (46 days after the first-served defendant, and 43 days after Fred Meyer received service). Bullough Abatement was served on March 8, 2005, and did not join the removal until April 22, 2005, at which time Thermal West filed an Amended Notice of Removal with Bullough Abatement's and Fred Meyer's consent to join attached.[1] This April 22, 2005, date falls 49 days after the first-served defendant, and 45 days after the last-served defendant. Therefore, under either the majority rule or minority rule for removal

---

1. The fourth defendant, Mountain States, has been determined to be a defunct corporation and was not properly served by plaintiff. Therefore, Mountain States lack of consent to join the removal does not affect the unanimity rule for consenting to removal.

in multi-defendant cases, the removal was not unanimously joined in a timely manner, and the removal is defective.

Because of the defective removal in the case at bar, this case ordinarily would be remanded back to State court pursuant to a proper and timely Motion to Remand. As will be seen, however, the motion to remand in this case was not timely.

### b. Motion to Remand to State Court

■ 28 U.S.C. § 1447, subsection (c) specifies grounds for remand as follows:

A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

Clearly, a "defect in the removal notice, an untimely removal notice, or any 'failure to comply with the requirements of § 1446(b) constitutes a defect in removal procedure.'" *Henderson,* 920 F.Supp. at 1186. "A motion for remand based on a procedural defect must be filed within thirty days after the filing of the notice of removal." *Id.*

In the case at bar, plaintiff filed a Motion for Remand on May 4, 2005. May 4, 2005, falls 35 days after the Notice of Removal was filed, five days outside the thirty-day time limit. Therefore, plaintiff's remand was not timely.[2]

When there are defects in the procedural steps of removal and/or remand the court must determine the effect of the remand's untimeliness on the defective removal. The Tenth Circuit has stated that the thirty-day period for a motion to remand "began to run when appellants filed their notice of removal in the district court." *Farmland Nat'l Beef Packing Co.,* 98 Fed.Appx. at 756. In *Farmland,* the Tenth Circuit stated that "[b]ecause appellee's motion to remand was not filed within thirty days after the notice of removal was filed in the district court, the district court lacked discretion under § 1447(c) to remand based on a procedural defect." *Id.* "All of the circuit courts which have addressed the question have held that the thirty-day period binds the district court *as well as the party opposing removal.*" *Id.* (*citing* the 3d Cir, 5th Cir., 7th Cir., and 9th Cir.(citations omitted)).

According to the foregoing analysis, even though defendants' consent to removal was untimely, plaintiff's motion to remand was also untimely. The Court lacks discretion to order remand based upon such procedural defect. Therefore, this Court denies plaintiff's Motion to Remand,

**2.** Plaintiff claims that she filed the Motion for Remand on April 27, 2005 and not on May 4, 2005. To support plaintiff's claim, she filed three affidavits stating that the Motion to Remand was filed on May 27, 2005 (all three affidavits contained the same typo of May instead of April), instead of April 27, 2005. Although the signature date on the motion shows it was signed on April 27, 2005, the controlling date is the *file date* which was May 4, 2005. The official Court Clerk date stamp, which stamps filings immediately when they are filed, clearly shows that the Motion to Remand was filed on May 4, 2005. The plaintiff's best evidence of when they filed the Motion to Remand would have been the attorney's copy that was stamped when the original was filed with the Court Clerk. This was not produced, so the Court relies on the Court Clerk's date stamp of May 4, 2005.

and leaves the parties where they are, i.e. within the jurisdiction of this court notwithstanding defective removal and defective attempt to remand. The basis for federal jurisdiction will be next examined.

## II. Federal question jurisdiction exists on the basis of a federal enclave.

Determining whether federal enclave jurisdiction "exists is a complex question, resting on such factors as whether federal government exercises exclusive, concurrent or proprietorial jurisdiction over property, when property became a federal enclave and what state law was at that time, whether that law is consistent with federal policy, and whether it has been altered by national legislation." *Celli v. Shoell*, 40 F.3d 324, 328 (10th Cir.1994). "If jurisdiction is challenged, the burden is on the party claiming jurisdiction to show it by a *preponderance of the evidence.*" *Id.* at 327 (emphasis added).

In the case at bar, defendants argue that federal question jurisdiction exists because plaintiff has alleged that some of the injuries sustained by her late husband took place on federal enclaves, including particularly Hill Air Force Base.

The Tenth Circuit has recognized that Hill Air Force Base may well be a federal enclave. In the case of *Celli v. Shoell*, 40 F.3d at 328, the Tenth Circuit stated "it appears from the complaint that one or more of the events in question occurred at Hill Air Force Base, which presumably qualifies, at least in part, as a federal enclave, thus affecting the question of federal court jurisdiction." On remand, Magistrate Judge Boyce prepared a report and recommendation, that in part dealt with federal enclave jurisdiction and Hill Air Force Base. Magistrate Judge Boyce stated that "the Constitution grants Congress the power to exercise exclusive jurisdiction over enclaves acquired by the United

States with the state's consent for various military purposes. U.S. Const. art. I, § 8, cl. 17." *Celli v. Shoell*, 995 F.Supp. 1337, 1341 (D.Utah 1998). Judge Boyce then took "judicial notice that Hill Air Force Base is a federal enclave subject to the exclusive jurisdiction of the United States." *Id.* In support of such judicial notice, Magistrate Judge Boyce stated: "[a]ccording to a Base Jurisdiction Map and a document entitled History of Hill Air Force Base submitted by plaintiffs, Hill Air Force Base became a federal enclave in 1943." *Id.* The magistrate judge's report and recommendation was adopted and approved by U.S. District Judge Sam.

The Utah statute that cedes jurisdiction to the United States is Utah Code Ann. § 27-0-1 (1943), provides as follows:

Jurisdiction is hereby ceded to the United States in, to and over any and all lands or territory within this state which have been or may be hereafter acquired or leased by the United States for military or naval purposes and for forts, magazines, arsenals, dock yards, and other needful buildings of every kind whatever authorized by act of Congress; this state, however, reserving the right to execute its process, both criminal and civil, within such territory.

This statute cedes jurisdiction over to the United States. However, the United States needs to make an acceptance of this jurisdiction—by "a formal notice of acceptance to the state government, or compliance with the state laws indicating the federal government's intent to accept jurisdiction." *United States v. Johnson*, 994 F.2d 980, 985 (2d Cir.1993).

In *Akin v. Ashland Chemical Co.*, 156 F.3d 1030, 1034 (10th Cir.1998), the court stated that places referred to in U.S. Const. art. I, § 8, cl. 17, such as forts, magazines, arsenals, dock yards, and other needful buildings "are federal enclaves

within which the United States has exclusive jurisdiction." The *Akin* court noted "that the United States has exclusive sovereignty in enclave areas," and cited the Fifth Circuit which stated "that it 'would be incongruous to hold that ... (courts of the United States) are without power to adjudicate controversies arising' therein." *Akin,* 156 F.3d at 1034 n. 1 (citing *Mater v. Holley,* 200 F.2d 123, 124 (5th Cir.1952)). "Personal injury actions which arise from incidents occurring in federal enclaves may be removed to federal district court as a part of federal question jurisdiction." *Akin,* 156 F.3d at 1034.

In the case at hand, defendants have provided several pieces of evidence to support their argument that Hill Air Force Base is a federal enclave, and that the United States has accepted jurisdiction over the base. In this regard, defendants provided to the Court a copy of a letter from the War Department dated December 28, 1942. This letter by Henry L. Stimson, Secretary of War, to the Governor of Utah, Herbert B. Maw, states that the "Department notified your Office that the United States accepted exclusive Federal jurisdiction over Hill Field pursuant to the provisions of sections 27–0–1 and 27–0–2, Revised Statutes of Utah, Annotated (1933)." Mr. Stimson also stated that there is a draft of a deed to cede jurisdiction to the United States enclosed with the letter. Defendants have also provided copies of two more letters discussing this conveyance to the United States. The first letter dated September 23, 1942, from Paul Thatcher to Governor Maw, states that he has the "understanding that conveyances of jurisdiction to the Federal Government with respect to the above military areas [Ogden Air Depot, Ogden Arsenal, and Ogden Quartermaster Depot] have been executed and delivered by you ... but the Army seems to be in such a state of confusion that it is impossible to find an officer who has definite knowledge thereof." Mr. Thatcher goes on to request that the Governor provide a record of such conveyances. The second letter dated September 28, 1942, from the Governor's Assistant Secretary to Mr. Thatcher, states "[o]n February 26, 1942, the Secretary of War wrote to the Governor giving notice that the United States would accept exclusive jurisdiction over the area covered by Hill Field, effective as of the 15th day of March, 1942, at 10 a.m."

In addition to the aforesaid archived letters, defendants have produced a copy of the History of Hill Air Force Base, from the History Office, Ogden Air Logistics Center, Hill Air Force Base, Utah. In this historical account of Hill Air Force Base it states, "[n]ot until 15 March 1942, though, did the government finally accept from the State of Utah exclusive jurisdiction over these acres." History of Hill Air Force Base, p. 3. This Court finds, based on a preponderance of the evidence, that "Utah executed a deed showing cessation of jurisdiction and transfer to the government, signed and sealed on 24 March 1943." *Id.*

Defendants in this case tried to obtain a copy of the deed ceding jurisdiction to the United States, but they have not succeeded in their efforts. However, despite the original deed being unlocated or otherwise unavailable, it is manifest that such a deed was transmitted. Also, the defendants have provided a preponderance of evidence that shows Hill Air Force Base has been a federal enclave under the exclusive jurisdiction of the United States since 1943, and that the State of Utah has so regarded it.

Based upon the foregoing, this Court finds that Hill Air Force Base is a federal enclave and that this Court has jurisdiction over this case. Therefore, plaintiff's Mo-

tion to Remand based on lack of subject matter jurisdiction is denied.

### III. Plaintiff's request for costs and fees is denied.

Pursuant to 28 U.S.C. § 1447(c) plaintiff has requested costs and fees incurred in connection with the motion to remand. Section 1447(c) states in part, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." As previously ruled, plaintiff's Motion to Remand is denied, and plaintiff's request for costs and fees is also denied.

Accordingly, it is hereby

ORDERED, that Plaintiff's Motion to Remand is DENIED, it is

FURTHER ORDERED, that Plaintiff's Request for Costs and Fees is DENIED, it is

FURTHER ORDERED, that parties attend a status and scheduling conference set by this Court for **October 26, 2005 at 10:00a.m.**